UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DAWAN PIERCE THURMOND,

          Plaintiff,              Case No. 15-13167
                                     District Judge Laurie J. Michelson
v.                                 Magistrate Judge R. Steven Whalen

CITY OF SOUTHFIELD, et al.,

          Defendants.

_____/

## ORDER

This action is brought pursuant to 42 U.S.C. §1983. Plaintiff Dawan Pierce Thurmond, proceeding *pro se,* filed an amended complaint on September 25, 2015 [Doc. #16] alleging that agents of Defendant Northland Center Michigan, LLC ("Northland"), as well as a number of other individuals and entities, violated his constitutional rights. On December 10, 2015, the Court dismissed Defendants Correct Care Solutions, 46th District Court, and Southfield Police Department, and ordered Marshal's service on Defendants Dawn King, Sgt. Lawrence Porter, Det. Darrel Palmer, Officer Theriault, and Northland Center Michigan [Doc. #64]. On February 1, 2016, Defendants City of Southfield, King, Porter, Palmer, and Theriault (the "Southfield Defendants") filed an answer to the amended complaint, with affirmative defenses [Doc. #78].[1]

On April 5, 2016, the Southfield Defendants filed a motion for protective order and

---

[1] Defendant Oakland County has filed a motion to dismiss, which is pending [Doc. #21].

to quash subpoenas [Doc. #108]. Defendant Oakland County filed a concurrence in that motion [Doc. #109]. The motion addresses a huge number of exhibits that Plaintiff has filed, as well as a number of subpoenas directed at both parties and non-parties. For the reasons discussed below, the motion is GRANTED IN PART AND DENIED AS TO THE REQUEST FOR AN EXEMPTION FROM THE RULE 26(f) CONFERENCE.

## I.   DISCUSSION

### A.   Subpoenas

Plaintiff has issued three subpoenas: (1) a document subpoena to the Southfield Police Records Department, demanding the production of "audio dispatch communication on or about September 4, 2015 in relation to D. Thurmond (Defendants' Exhibit 3); (2) a document and testimony subpoena to Police Chief Eric Hawkins[2] (Defendants' Exhibit 4); and (3) a document subpoena to 46th District Court Judge Shelia Johnson, requesting "all information and/or communications with Ingham County Prosecutor Stuart Dunnings" (Defendant Exhibit 6). Defendants state that two of the subpoenas were served directly on the Southfield Police Records Department, and the third was emailed directly to Judge Johnson. Plaintiff did not provide notice to Defendants' counsel before "serving" these subpoenas.

First, the parties have not yet conducted their Rule 16 scheduling conference, and the Court has not yet entered a scheduling order. Thus, as the Court clearly informed the Plaintiff in its previous order striking his motion to compel [Doc. #60], his request for discovery is

---

[2] This subpoena, issued on March 3, 2016, directs Chief Hawkins to appear on March 11, 2016 in the 46th District Court.

premature.[3] Secondly, by not providing notice to Defendants' counsel, Plaintiff has run afoul of Fed.R.Civ.P. 5(b)(1), 30(b)(1), and 45(a)(4). Plaintiff has previously been instructed to familiarize himself and comply with the Federal Rules of Civil Procedure. His failure to do so is eroding the Court's patience.

The motion to quash the subpoenas is GRANTED.

### B.    Exhibits

Plaintiff filed his amended complaint on September 25, 2015 [Doc. #16]. Starting on November 17, 2015, he has filed a staggering number of exhibits [Doc. #s 53-59, 71, 73-75, 79-81, 86, 92-106, 112]. To the extent that these are considered amendments to the amended complaint–none are referenced in the amended complaint– the Plaintiff has not been granted leave to amend, as required by Fed.R.Civ.P. 15(a), nor have the Defendants stipulated to any amendments.

Eight of the exhibits [Doc. #s 53-59, 71] pertain to Plaintiff's motion for temporary restraining order ("TRO")[Doc. #5], which was denied on October 2, 2015 [Doc. #30]. Seventeen exhibits pertain to his second motion for TRO [Doc. #72], which was denied on February 16, 2016 [Doc. #87]. He has filed transcripts and orders regarding a state court landlord-tenant matter [Doc. #56-58]. He has filed a search warrant affidavit [Doc. #73] and a state criminal complaint [Doc. #71].

None of the exhibits properly pertain to any pending motion. They may or may not be

---

[3] As an aside, once discovery commences, requests for documents from the Southfield Police Department or depositions of its officers and/or officials would be made under Fed.R.Civ.P. 34 and 30, respectively, not by way of subpoenas. Requests made to non-parties would fall under Rule 45.

relevant to future summary judgment motions, but they have no bearing on the proceedings as they presently stand.

Defendants request that Plaintiff be sanctioned under Fed.R.Civ.P. 11[4], 41 (b)(involuntary dismissal), and under the Court's inherent authority. Although Plaintiff has not taken seriously the Court's admonition to learn and comply with the Federal Rules, and although his numerous and erratic filings are unnecessarily consuming this Court's resources, I am disinclined to impose the draconian sanction of dismissal, or even a monetary sanction at this time. In lieu of those sanctions, however, I will order the Plaintiff's exhibits stricken, with the proviso that he may in the future file relevant exhibits either in response to or in support of motions for summary judgment.

I also warn the Plaintiff that in the future, his failure to comply with the Federal Rules of Civil Procedure or orders of this Court, or to fail to properly serve subpoenas or discovery requests on Defendants' counsel, may lead to further sanctions, including the dismissal of his amended complaint.

---

[4] Rule 11(c)(2) sets forth a "safe harbor" provision that requires that a motion for sanctions not be filed until 21 days after service. "A party seeking Rule 11 sanctions must satisfy the procedural requirements of [Rule 11(c)(2)], commonly known as the 'safe harbor' provision. This is an 'absolute requirement.'" *Mabbitt v. Midwestern Audit Service, Inc*. 2008 WL 1840620, *1 (E.D.Mich. 2008) (Edmunds, J.), citing *Ridder v. City of Springfield,* 109 F.3d 288, 296 (6th Cir.1997).  In *Ridder*, the Sixth Circuit also stated that "sanctions under Rule 11 are unavailable unless the motion for sanctions is served on the opposing party for the full twenty-one day 'safe harbor' period before it is filed with or presented to the court." *Id.* at 297. It does not appear that Defendants offered Plaintiff a safe harbor, and thus Rule 11 sanctions are inappropriate.

## II.   CONCLUSION

Defendants' motion for protective order and to quash subpoenas [Doc. #108] is GRANTED IN PART AND DENIED IN PART.

The subpoenas issued to the Southfield Police Records Department, Police Chief Hawkins, and 46th District Court Judge Johnson are QUASHED.

The Defendants' request for a protective order is GRANTED. Plaintiff will not issue any other subpoenas or discovery requests until the Court enters its scheduling order. Upon issuance of the scheduling order, all discovery must be conducted strictly as provided in the Federal Rules of Civil Procedure.

The following exhibits are STRICKEN: Doc. #s 53-59, 71, 73-75, 79-81, 86, 92-106, and 112.

Defendants' request for an exemption from the Rule 26(f) meet and confer requirement is DENIED. The Court will issue a separate order regarding that conference, as well as the Rule 16 scheduling conference, providing for a telephonic meet and confer.

IT IS SO ORDERED.

s/R. Steven Whalen
R. STEVEN WHALEN
UNITED STATES MAGISTRATE JUDGE

Date: April 25, 2016

2:15-cv-13167-LJM-RSW   Doc # 115   Filed 04/25/16   Pg 6 of 6   Pg ID 1310

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that a copy of the foregoing document was sent to parties of record on April 25, 2016, electronically and/or by U.S. mail.

s/Carolyn M. Ciesla
Case Manager to the
Honorable R. Steven Whalen

-6-