UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DAWAN PIERCE THURMOND,

       Plaintiff,                     Case No. 15-13167
                                          District Judge Laurie J. Michelson
v.                                          Magistrate Judge R. Steven Whalen

CITY OF SOUTHFIELD, et al.,

       Defendants.
_____/

**ORDER**

Before the Court is Plaintiff Dawan Thurmond's Motion to Take Judicial Notice of Adjudicative Facts [Doc. #107]. For the reasons discussed below, the motion is DENIED.

F.R.E. 201 governs judicial notice of "adjudicative facts." A judicially noticed fact must be one not subject to reasonable dispute in that it either "(1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." *Id*. Judicial notice is only appropriate if the matter is beyond reasonable controversy. *In re Omnicare, Inc. Sec. Litig.*, 769 F.3d 455, 465-66 (6th Cir.2014).

Plaintiff asks the Court to take judicial notice of 12 "facts." They include (1) that Sgt. Porter pulled him over pursuant to a policy; (2) that he was not arrested and property was seized over his objections; (3) that the police "unlawfully" pulled him over without probable cause or reasonable suspicion; (4) that he filed three "citizen complaints" based

-1-

on the November 19, 2013 incident; (5) that he filed a FOIA request with the City of Southfield; (6) that a Detroit Police Investigator conducted an investigation that found in Plaintiff's favor; (7) that a Michigan District Court judge ruled that the magistrate abused her discretion in setting bond conditions; (8) that a State District Court judge ruled that a Northland security officer was never in imminent danger and declined to bind over on a felonious assault charge; (9) that Oakland County Prosecutor dismissed a State prosecution; (10) that Plaintiff was falsely imprisoned for 21 days; (11) that Plaintiff was "unlawfully evicted" for prevailing in the State criminal case; and (12) that Plaintiff exhausted all State remedies and suffered retaliation.

First, Plaintiff has not complied with E.D. Mich. L.R. 7.1:

**(a) Seeking Concurrence in Motions and Requests.**

(1) The movant must ascertain whether the contemplated motion, or request under Federal Rule of Civil Procedure 6(b)(1)(A), will be opposed. If the movant obtains concurrence, the parties or other persons involved may make the subject matter of the contemplated motion or request a matter of record by stipulated order.

(2) If concurrence is not obtained, the motion or request must state:

(A) there was a conference between attorneys or unrepresented parties and other persons entitled to be heard on the motion in which the movant explained the nature of the motion or request and its legal basis and requested but did not obtain concurrence in the relief sought;

(B) despite reasonable efforts specified in the motion or request, the movant was unable to conduct a conference...."

There is a reason for this Rule. As explained in § (a)(1), if the parties confer, they may be able to resolve at least some of the issues by stipulation, without the unnecessary expenditure of the Court's and counsel's resources. Moreover, compliance with the Local

Rules is mandatory, not optional. "Seeking concurrence from the opponent is a mandatory directive of the Local Rules of this District." *United States v. Ramesh*, 2009 WL 817549, *6 (E.D. Mich. 2009).

Here, the Plaintiff neither sought concurrence before filing his motion, nor stated in his motion that concurrence was sought and denied. And this is not the first time Plaintiff has flouted the Rules. For this reason alone, the Plaintiff's motion will be denied. *See Dearborn Tree Service, Inc. v. Gray's Outdoorservices, LLC*, 2014 WL 5293098 (E.D. Mich. 2014).

In addition, and after viewing Plaintiff's exhibits, none of the facts "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned," F.R.E. 201, or can be considered "beyond reasonable controversy." *In re Omnicare*. Not to mention the questionable relevance of some of the "facts," such as the claim that a Michigan magistrate botched a bail determination, or that a Detroit Police investigator prepared a report. Other proffered facts, such as the legality of a police stop, an imprisonment, and an eviction, clearly involve disputed matters that are not appropriate for judicial notice. And while the Court may take judicial notice of a public record, here, the State District Court decisions are subject to interpretation, and possibly to the hearsay rule.

Accordingly, Plaintiff's Motion to Take Judicial Notice of Adjudicative Facts [Doc. #107] is DENIED.

IT IS SO ORDERED.

s/R. Steven Whalen
R. STEVEN WHALEN
UNITED STATES MAGISTRATE JUDGE

Date: April 25, 2016

CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document was sent to parties of record on April 25, 2016, electronically and/or by U.S. mail.

s/Carolyn M. Ciesla
Case Manager to the
Honorable R. Steven Whalen