UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DAWAN PIERCE THURMOND,

        Plaintiff,                Case No. 15-13167
                                    District Judge Laurie J. Michelson
v.                                Magistrate Judge R. Steven Whalen

CITY OF SOUTHFIELD, et al.,

        Defendants.

_____/

## REPORT AND RECOMMENDATION

This action is brought pursuant to 42 U.S.C. §1983.  Plaintiff Dawan Pierce Thurmond, proceeding *pro se,* filed an amended complaint on September 25, 2015 [Doc. #16], naming a number of Defendants, including the County of Oakland ("Oakland County"), the Oakland County Prosecutor's Office, and the Oakland County Sheriff's Department, the Oakland County Jail (collectively the "Oakland County Defendants). On September 29, 2015, the Oakland County Defendants filed a Motion to Dismiss [Doc. #21], which has been referred for a Report and Recommendation under 28 U.S.C. § 636(b)(1)(B).  On December 10, 2015, the Court dismissed all of the Oakland County Defendants except for Oakland County [Doc. # 64]. Therefore, this is the only remaining Defendant to be addressed in my Report and Recommendation, and for the reasons discussed below, I recommend that the Motion to Dismiss [Doc. #21] be GRANTED under Fed.R.Civ.P. 12(b)(6) for failure to state a claim on which relief can be granted, and that Defendant County of Oakland be DISMISSED WITH PREJUDICE.

## I.  FACTS

The events leading up to Mr. Thurmond's lawsuit apparently began on the evening of November 19, 2013, when he had a verbal confrontation with a security guard at the Northland Mall in Southfield, Michigan. Mr. Thurmond, a self-proclaimed film director who was there with some other people, alleges that the security guard told him that he could not walk with more than six people in a group. *Amended Complaint* [Doc. #16], p. 6. After some further conversation, Mr. Thurmond told the guard that he had a concealed pistol license, and the he was "carrying a weapon to avoid any issues." *Id*. Shortly afterward, as Mr. Thurmond was driving away from the mall, Southfield police officers pulled him over; his car was searched and items were seized, but he was not arrested at that time. *Id*. On a later date, however, the Oakland County Prosecutor's Office issued a warrant issued a warrant, and when Mr. Thurmond was arraigned in 46th District Court, a magistrate set bond at $10,000. At that point, Mr. Thurmond was taken to the Oakland County jail. *Id*. at 8. He alleges that at the jail, he was beaten by "seven white unknown deputies" and was denied emergency medical services. *Id*. at 8-9. The prosecution was dismissed on April 24, 2015. *Id*. ¶ 31.

Mr. Thurmond alleges that on September 4, 2015, officers from the Southfield Police Department and the Oakland County Sheriff's Department arrested him without probable cause at his godmother's house. *Id*. ¶ 34. He was placed in the back of a Southfield Police cruiser and transported by an "Officer John Doe." *Id*.

Mr. Thurmond brings claims against Oakland County under 42 U.S.C. § 1983.

-2-

## II.   STANDARD OF REVIEW

Fed.R.Civ.P. 12(b)(6) provides for dismissal of a complaint "for failure of the pleading to state a claim upon which relief can be granted." In assessing a Rule 12(b)(6) motion, the court accepts the plaintiff's factual allegations as true, and asks whether, as a matter of law, the plaintiff is entitled to legal relief.  *Rippy v. Hattaway,* 270 F.3d 416, 419 (6th Cir. 2001).

In *Bell Atlantic Corp. v. Twombley*, 550 U.S 544 (2007), the Court,  construing the requirements of Fed.R.Civ.P. 8(a)(2), held that although a complaint need not contain detailed factual allegations, its "[f]actual allegations must be enough to raise a right to relief above the speculative level...on the assumption that all the allegations in the complaint are true."  *Id.*, at 555 (internal citations and quotation marks omitted). Further, "a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  *Id.* (Internal citations and quotation marks omitted). *See also Association of Cleveland Fire Fighters v. City of Cleveland, Ohio* 502 F.3d 545, 548 (6th Cir. 2007). Stated differently, a complaint must "state a claim to relief that is plausible on its face."  *Twombley*, at 570.

In *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), the Court explained and expanded on what it termed the "two-pronged approach" of *Twombley*. First, it must be determined whether a complaint contains factual allegations, as opposed to legal conclusions. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  *Id.*, at 678, citing *Twombley*, 550 U.S. at 555.  Second, the facts that are pled must show a "plausible" claim for relief, which the Court described as follows:

-3-

"Determining whether a complaint states a plausible claim for relief will, as the Court of Appeals observed, be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged–but it has not 'shown[n]'–'that the pleader is entitled to relief.'" 556 U.S. at 679 (internal citations omitted).

### III.   DISCUSSION

In *Monell v. Department of Social Services of City of New York* 436 U.S. 658 (1978), the Supreme Court held that under § 1983, municipal liability is not unlimited, and that a municipality could not be liable on a theory of *respondeat superior*: "A municipality cannot be held liable *solely* because it employs a tortfeasor - - or, in other words, a municipality cannot be held liable under § 1983 on a *respondeat superior* theory." *Id.*, 436 U.S. at 691 (Emphasis in original).  However, the *Monell* Court found that when the acts of individual employees represent the government's custom or policy, the municipality can be held liable. *Id* at 638.  "The requirement of an official policy distinguishes the acts of the employee from those of the municipality, ensuring that the municipality is held responsible only for the latter."  *Johnson v. City of Detroit*, 944 F.Supp. 586, 598 (E.D. Mich. 1996).

Mr. Thurmond alleges that Oakland County Sheriff's Deputies beat him at the Oakland County Jail; that he was denied emergency medical treatment at the jail; and that Deputies and Southfield Police Officers wrongfully arrested him at his godmother's house. Whether or not the claims against these individuals have merit, Mr. Thurmond has not alleged, nor can it be plausibly inferred from his amended complaint, that any of these individuals was acting pursuant to a formal, or even an informal policy of Oakland County. Under *Monell*, Oakland County must therefore be dismissed.

## IV.   CONCLUSION

I recommend that Defendant's Motion to Dismiss [Doc. #21] be GRANTED, and that Defendant County of Oakland be DISMISSED WITH PREJUDICE.

Any objections to this Report and Recommendation must be filed within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. §636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); *Howard v. Secretary of HHS,* 932 F.2d 505 (6th Cir. 1991); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981). Filing of objections which raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Secretary of HHS,* 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231,* 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Within fourteen (14) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall be not more than twenty (20) pages in length unless by motion and order such page limit is extended by the court. The response shall address specifically, and in the same order raised, each issue contained within the objections.

Dated: April 29, 2016                           s/R. Steven Whalen
                                                R. STEVEN WHALEN
                                                UNITED STATES MAGISTRATE JUDGE

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify on April 29, 2016 that I electronically filed the foregoing paper with the Clerk of the Court sending notification of such filing to all counsel registered electronically.  I hereby certify that a copy of this paper was mailed to the following non-registered ECF participants April 29, 2016.

s/Carolyn M. Ciesla
Case Manager for the
Honorable R. Steven Whalen