UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DAWAN PIERCE THURMOND,

        Plaintiff,                         Case No. 15-13167
                                                    District Judge Laurie J. Michelson
v.                                          Magistrate Judge R. Steven Whalen

CITY OF SOUTHFIELD, et al.,

        Defendants.
_____/

**REPORT AND RECOMMENDATION**

On April 10, 2016, I ordered Plaintiff Dawan Pierce Thurmond to show cause why Defendant Northland Center Michigan, LLC ("Northland") should not be dismissed without prejudice for his failure to provide a proper address for Marshal's service [Doc. #110]. The time for service of a summons and complaint under Fed.R.Civ.P. 4(m) has long passed. Pursuant to 28 U.S.C. § 636(b)(1)(B), I recommend that the complaint against Northland be dismissed without prejudice under Rule 4(m).

**I.    BACKGROUND**

In my Order to Show Cause [Doc. #110], I explained the problem with the address that Plaintiff provided for Northland:

> "On December 10, 2015, the Honorable Laurie J. Michelson ordered Marshal service for Defendant Northland at 26000 Evergreen Road, Southfield, Michigan. *Docket #64,* 5. Judge Michelson noted that her order for service at the Evergreen Road address was based on Plaintiff's representation that Northland was recently purchased by another Defendant, City of Southfield ("Southfield"). *Id.* The Evergreen Road address is the location of the City of Southfield offices. While Defendant Southfield and other Defendants employed by Southfield acknowledged service on their

-1-

own behalf, the docket shows that Defendant Northland has not been served as of today. Contrary to Plaintiff's contention, the City of Southfield does not appear to be a successor-in-interest to Northland but rather, simply purchased some real property from Northland. Thus, the 26000 Evergreen Road address, supplied by Plaintiff, is an incorrect address for service on Northland."

On April 11, 2016, the day after the show cause order was entered, Plaintiff filed a U.S. Marshal's service form, dated December 11, 2015, indicating that the Marshal's Office sent a copy of the summons and complaint to Northland at the Evergreen Road address that Plaintiff had provided [Doc. #111]. He has not filed a return receipt showing service on Northland. The Plaintiff has not otherwise responded to the show cause order.

## II. STANDARD OF REVIEW

Fed.R.Civ.P. 4(m) provides that if a defendant is not timely served after the complaint is filed,

> "the court– on motion or on its own after notice to the plaintiff– must dismiss the action without prejudice against that defendant or order that the service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period."

## III. DISCUSSION

Service of a summons and complaint is governed generally by Rule 4(e), which provides that service may be made:

> "(1) pursuant to the law of the state in which the district court is located, or in which service is effected...; or
>
> (2) by delivering a copy of the summons and of the complaint to the individual personally or by leaving copies thereof at the individual's dwelling house or usual place of abode with some person of suitable age and discretion then residing therein or by delivering a copy of the summons and of the complaint to an agent authorized by appointment or by law to

receive service of process."

Under Michigan law, specifically M.C.R. 2.105(A), service may be made as follows:

> "(1) delivering a summons and a copy of the complaint to the defendant personally; or
>
> (2) sending a summons and a copy of the complaint by registered or certified mail, return receipt requested, and delivery restricted to the addressee. *Service is made when the defendant acknowledges receipt of the mail. A copy of the return receipt signed by the defendant must be attached to proof showing service under subrule (A)(2).*" (Emphasis added).

Finally, Fed.R.Civ.P. 4(l) requires that "[i]f service is not waived, the person effecting service shall make proof thereof to the court."

First, while the Marshal may have attempted service by certified mail [Doc. #111], there is no return receipt signed by a representative of Northland showing that service was actually made.

Secondly, while the Plaintiff apparently continues to suggest that service at the City of Southfield is sufficient service on Northland, he is wrong. As I explained in my show cause order, the City of Southfield merely purchased the real estate that once housed the Northland Center. Southfield did *not* purchase the corporate entity known as Northland Center Michigan, LLC, and is not therefore Northland's successor in interest for purposes of liability or for service of process.

As I stated in my show cause order, "While *in forma pauperis* plaintiffs should not be penalized for a marshal's failure to obtain proper service, it [is the plaintiff's] responsibility to provide proper addresses for service." *Lee v. Armontrout*, 991 F.2d 487,

-3-

489 (8th Cir.1993). Notwithstanding my order for Plaintiff to provide a proper address for Northland, he has not done so. "The United States Marshals Service cannot investigate defendant's whereabouts, nor can the Court. That is plaintiff's responsibility." *Gustaff v. MT Ultimate Healthcare*, 2007 WL 2028103, *3 (E.D.N.Y. 2007).

The Plaintiff has not shown good cause for his failure to provide an appropriate address for Northland–and hence the failure to serve–nor has he substantively responded to the show cause order. Northland must therefore be dismissed under Rule 4(m).

### III. CONCLUSION

I therefore recommend that Defendant Northland Center Michigan, LLC be DISMISSED WITHOUT PREJUDICE.

Any objections to this Report and Recommendation must be filed within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. §636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); *Howard v. Secretary of HHS,* 932 F.2d 505 (6th Cir. 1991); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981). Filing of objections which raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Secretary of HHS,* 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231,* 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Within fourteen (14) days of service of any objecting party's timely filed

objections, the opposing party may file a response. The response shall be not more than twenty (20) pages in length unless by motion and order such page limit is extended by the court. The response shall address specifically, and in the same order raised, each issue contained within the objections.

                                            s/R. Steven Whalen
                                            R. STEVEN WHALEN
                                            UNITED STATES MAGISTRATE JUDGE

Date: May 3, 2016

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document was sent to parties of record on May 3, 2016, electronically and/or by U.S. mail.

                                            s/Carolyn M. Ciesla
                                            Case Manager to the
                                            Honorable R. Steven Whalen