UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| DAWAN PIERCE THURMOND,<br><br>　　Plaintiff,<br><br>v.<br><br>CITY OF SOUTHFIELD, et al,<br><br>　　Defendants. | Case No. 15-cv-13167<br>Honorable Laurie J. Michelson<br>Magistrate Judge R. Steven Whalen |

**ORDER ADOPTING REPORT AND RECOMMENDATION [120] AND GRANTING DEFENDANT OAKLAND COUNTY'S MOTION TO DISMISS [21]**

In September 2015, Plaintiff Dawan Pierce Thurmond, proceeding *pro se*, filed a complaint and an amended complaint in this Court, asserting various claims against a multitude of defendants. (Dkts. 1, 16.) Several of those defendants—Oakland County and its Prosecutor's Office, jail, and Sherriff's Department—filed a motion to dismiss. (Dkt. 21.) In a December 2015 order, the Court dismissed each of the Oakland County defendants, except for the county itself. (Dkt. 64.) The Court later referred all pretrial matters to Executive Magistrate Judge R. Steven Whalen (Dkt. 88), who recommends granting Oakland County's motion to dismiss (Dkt. 120, R. & R.). Thurmond objects. (Dkt. 121, Obs.)

Having performed a *de novo* review of those portions of the magistrate judge's report and recommendation to which Thurmond has objected, 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b)(3); *Thomas v. Arn*, 474 U.S. 140, 150 (1985), the Court will adopt the recommendation of the magistrate judge for the reasons explained below.

Thurmond first objects on this basis:

> Magistrate Whalen Report and recommendation to dismiss with Prejudice Defendant 'Oakland County' is not only 'erroneous' but continues to give


> Defendants a 'get out of Court free card' and a 'tactical advantage' to continue to violate Federal law and the Collateral estoppel Doctrine by falsely Prosecuting State Case. Plaintiff never received his day in Court and predicts he will never as this Court continues to Sua Sponte terminated Defendants before answering any allegation in complaint which to prevents the truth being stipulated.

(Obs. at 3.) Thurmond does not explain how the ruling is erroneous. This appears to be an objection not to the report and recommendation but rather to the Court's prior orders dismissing certain defendants and claims *sua sponte*. As the Court explained in those orders (Dkts. 30, 64), when a plaintiff proceeds *in forma pauperis* (as Thurmond has here), the Court is required to perform an initial screening of the claims and dismiss any that fail to state a claim for which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii). The Court will not revisit its findings from those orders. This first objection therefore is overruled.

> Thurmond's second objection is as follows:
>
> Magistrate Whalen report is bias and completely prejudice to Plaintiff Due Process rights in State and Federal Court. Mag Report flaunted the 'totality of the circumstances' test. And at best is based upon conclusory facts and Statements. Magistrate could had easily ordered an conference to stipulate facts. Defendant has not provided one document to negate or even rebut any allegations(s). Magistrate Whalen continues to suppress Plaintiffs proofs and exhibits which have been stricken to prevent U.S. Sixth Circuit COA from having any factual bases to GRANT injunction. Moreover, Thurmond allegations are support by physical evidence and transcripts and are assumed to be true. The fact that Thurmond was beaten by seven white unknown deputies, false imprison for 21 days and case was dismissed Nolle Prosequie on its Fact sufficient to survive Preliminary stages.

(Obs. at 4–5.) Like the first objection, this objection again mostly appears to contest something outside the scope of the magistrate judge's report and recommendation. Specifically, the magistrate judge recently struck from the record numerous "exhibits" that Thurmond improperly filed in this case. (Dkt. 115.) To the extent that Thurmond challenges that order, the Court will

not consider this objection. Moreover, judicial rulings alone almost never constitute a valid basis for a finding of judicial bias. *See Liteky v. United States*, 510 U.S. 540, 555 (1994).

To the extent that Thurmond objects to the magistrate judge's recommendation to dismiss Oakland County as a defendant, the Court agrees with the magistrate judge. As the magistrate judge noted, while Thurmond's amended complaint contains allegations that Oakland County sheriff's deputies beat him at the county jail, denied him emergency medical treatment, and wrongfully arrested him, Thurmond "has not alleged, nor can it be plausibly inferred from his amended complaint, that any of these individuals was acting pursuant to a formal, or even an informal policy of Oakland County." (R. & R. at 4.)

For the reasons stated, having reviewed the report and recommendation (Dkt. 120) and Thurmond's objections (Dkt. 121), the Court will ADOPT the report and GRANT Defendant Oakland County's motion to dismiss (Dkt. 21).

SO ORDERED.

                                                s/Laurie J. Michelson
                                                LAURIE J. MICHELSON
                                                UNITED STATES DISTRICT JUDGE

Dated: May 4, 2016

## CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing document was served on the attorneys and/or parties of record by electronic means or U.S. Mail on May 4, 2016.

                                                s/Jane Johnson
                                                Case Manager to
                                                Honorable Laurie J. Michelson