UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DAWAN PIERCE THURMOND,

      Plaintiff,                    Case No. 15-13167
                                   District Judge Laurie J. Michelson
v.                                    Magistrate Judge R. Steven Whalen

CITY OF SOUTHFIELD, et al.,

      Defendants.
_____/

**ORDER DIRECTING ALTERNATE SERVICE**

For the reasons discussed below, the Defendants' Motion for Alternate Service on Witness Lucius Hamilton [Doc. #143] is GRANTED.

### I.    FACTS

The events underlying the Plaintiff's complaint began with his encounter with Lucius Hamilton, a security guard at the Northland Mall. Southfield police officers took a statement from Mr. Hamilton, who told them that the Plaintiff made verbal threats involving a firearm. Southfield Police Sgt. Porter, a Defendant, later pulled the Plaintiff over based on Mr. Hamilton's statement. The Defendants wish to depose Mr. Hamilton.

Attached to Defendants' motion as Exhibit 3 is the affidavit of James P. Kelly, the Director of Michigan Investigations for Subrosa Investigations. Mr. Kelly states that his company was hired to locate and serve a deposition subpoena on Mr. Hamilton. On September 30, 2016, he obtained an updated address for Mr. Hamilton, and that on October 4, 2016, he unsuccessfully attempted service at that address. There was no

-1-

answer at the door, so Mr. Kelly left a business card and note on the front door. *Kelly Affidavit*, ¶¶ 4-5. On October 5, 2016, he made a second attempt at service, but again there was no answer at the door. On October 6, 2016, Mr. Hamilton telephoned Mr. Kelly from his cell phone, stating that he had received the business card and the note that Mr. Kelly left at his residence. Mr. Kelly identified himself as a process server, and told Mr. Hamilton that he was trying to deliver a subpoena for him to testify at a deposition. Mr. Hamilton stated that he did not want to cooperate and did not want to attend a deposition. *Id*. ¶¶ 6-7. Between October 12 and October 14, 2016, Mr. Kelly attempted service five more times at Mr. Hamilton's residence. There was no answer at the door on any of these occasions, and Mr. Hamilton did not answer his cell phone. *Id*. ¶¶ 8-10.

Attached to Defendants' motion as Exhibit 4 is the affidavit of Kali M.L. Henderson, Defendants' attorney. She states that she obtained Lucius Hamilton's telephone number from Mr. Kelly. *Henderson Affidavit*, ¶ 2. On October 6, 2016, she called Mr. Hamilton, who "acknowledged that he was the individual that worked security for Northland Mall and interacted with Dawan Thurmond. *Id*. ¶¶ 3-4. Mr. Hamilton stated that he would not cooperate or attend a deposition, and when advised that he could be held in contempt of court if he ignored a subpoena, he replied that he did not care. *Id*. ¶¶ 5-6.

## II. DISCUSSION

Service of a deposition subpoena to a non-party is governed by Fed.R.Civ.P. 45. While personal service of a subpoena is the default rule, the Court may order alternative service of a Rule 45 subpoena there has been a diligent effort at personal service, and

where the alternative means of service are "reasonably calculated to achieve actual delivery." *OceanFirst Bank v. Hartford Fire Ins. Co.*, 794 F.Supp.2d 752, 753 (E.D. Mich. 2011).

Here, the Defendants made diligent effort to serve Mr. Hamilton. They attempted personal service at his residence seven times. Because the process server left his business card and a note at the residence, and because Mr. Hamilton called the process server two days later, it is clear that the process server had the correct address. Mr. Hamilton told both the process server and the Defendants' attorney that he has no interest in cooperating or attending a deposition.

Since Mr. Hamilton's address has been verified, service by first-class mail and posting on the door of the residence is reasonably calculated to ensure delivery. "Mailing by first-class mail to the actual address of the intended recipient generally will suffice, especially when the mailing is accompanied by posting at the known address of the prospective witness." *OceanFirst Bank*, 794 F.Supp.2d at 754.

### III.   CONCLUSION

Therefore, Defendants' Motion for Alternate Service on Witness Lucius Hamilton [Doc. #143] is GRANTED.

Defendants will serve the deposition subpoena, along with a copy of this Order, on Mr. Hamilton by first-class mail, addressed to him at 8397 Smart Street, Detroit, Michigan 48210. Defendants will also post the subpoena and a copy of this Order on the door of that address.  The Defendants will file with this Court a certification that this method of alternative service was completed.

Mr. Hamilton's failure to appear at his deposition may result in sanctions, including sanctions for contempt of court.

IT IS SO ORDERED.

                                                    s/R. Steven Whalen
                                                    **HON. R. STEVEN WHALEN**
                                                    UNITED STATES MAGISTRATE JUDGE

DATED: November 19, 2016

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document was sent to parties of record on November 19, 2016, electronically and/or by U.S. mail.

                                                    s/Carolyn M. Ciesla
                                                    Case Manager to the
                                                    Honorable R. Steven Whalen