UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| DAWAN PIERCE THURMOND,<br><br>　　Plaintiff,<br><br>v.<br><br>CITY OF SOUTHFIELD, *et al.*,<br><br>　　Defendants. | Case No. 15-13167<br>Honorable Laurie J. Michelson<br>Magistrate Judge R. Steven Whalen |

**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS'
MOTION FOR JUDGMENT ON THE PLEADINGS [132]**

　　Before the Court is Executive Magistrate Judge R. Steven Whalen's Report and Recommendation. (R. 161.) At the conclusion of his Report and Recommendation, Magistrate Judge Whalen notified the parties that they were required to file any objections within fourteen days of service, as provided in Federal Rule of Civil Procedure 72(b)(2) and Eastern District of Michigan Local Rule 72.1(d), and that "[f]ailure to file specific objections constitutes a waiver of any further right of appeal." (R. 161, PID 2087.) The time to file objections has expired, and no objections have been filed.

　　In *United States v. Walters*, 638 F.2d 947, 949–50 (6th Cir. 1981), the Sixth Circuit established a rule of procedural default, holding that "a party shall file objections with the district court or else waive right to appeal" and that "a party shall be informed by the magistrate [judge] that objections must be filed within ten days or further appeal is waived." In *Thomas v. Arn*, 474 U.S. 140, 144 (1985), the Supreme Court held that this rule violates neither the Federal Magistrates Act nor the federal constitution. Thus, the Court finds that the parties' failure to object is a procedural default, waiving review of the magistrate judge's findings by this Court.

*See Thomas*, 474 U.S. at 149 (explaining that Sixth Circuit's waiver-of-appellate-review rule rested on the assumption "that the failure to object may constitute a procedural default waiving review even at the district court level"); *Garrison v. Equifax Info. Servs., LLC,* No. 10-13990, 2012 WL 1278044, at *8 (E.D. Mich. Apr. 16, 2012) ("The Court is not obligated to review the portions of the report to which no objection was made." (*citing Thomas*, 474 U.S. at 149–52)).

The Court therefore finds that the parties have waived further review of the Report and Recommendation and accepts the Magistrate Judge's recommended disposition. It follows that Defendants' Motion for Judgment on the Pleadings (R. 132) is GRANTED IN PART AND DENIED IN PART. The motion is DENIED as to the Fourth Amendment/Section 1983 claims against Defendant Sgt. Porter based on the alleged seizure of Plaintiff's money and the alleged use of excessive force. In all other respects, the motion is GRANTED, and all claims against all Defendants, except for the claims against Sgt. Porter described in the preceding sentence, are DISMISSED WITH PREJUDICE.

SO ORDERED.

Dated: March 14, 2017

s/Laurie J. Michelson
LAURIE J. MICHELSON
U.S. DISTRICT JUDGE

**CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on March 14, 2017.

s/Keisha Jackson
Case Manager