UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DAWAN PIERCE THURMOND,

        Plaintiff,                       Case No. 15-13167
                                          District Judge Laurie J. Michelson
v.                                          Magistrate Judge R. Steven Whalen

CITY OF SOUTHFIELD, et al.,

Defendants.
_____/

**ORDER DENYING MOTION TO DISMISS FOR DISCOVERY VIOLATIONS**

      Before the Court is Defendants' Motion to Dismiss for Discovery Violations [Doc. #150]. Plaintiff, who filed this case *pro se*, has survived dismissal as to Fourth Amendment/Sec. 1983 claims against Southfield Police Sgt. Porter. All other claims and all other Defendants have been dismissed. In addition, the Court has entered orders conditionally assigning *pro bono* counsel and staying further proceedings until counsel is procured.

      The dismissal of all but one of the Defendants and two of the claims will undoubtedly narrow the scope of discovery. Moreover, as it is apparent that Plaintiff himself has only a sketchy understanding of the Rules of Civil Procedure, discovery will almost certainly proceed more smoothly and efficiently when he has the assistance of counsel. Therefore, the Court is not persuaded that dismissal is an appropriate sanction at this time. Of course, if problems persist, or if the Court is

-1-

unable to procure *pro bono* counsel to represent Plaintiff, reconsideration of sanctions might be appropriate.

Accordingly, Defendants' Motion to Dismiss for Discovery Violations [Doc. #150] is DENIED WITHOUT PREJUDICE.[1]

IT IS SO ORDERED.

s/R. Steven Whalen
R. STEVEN WHALEN
United States Magistrate Judge

Dated: March 20, 2017

CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document was sent to parties of record on March 20, 2017, electronically and/or by U.S. mail.

s/Carolyn M. Ciesla
Case Manager

---

[1] Although the motion is framed as a "motion to dismiss," I am not granting dispositive relief. I therefore proceed by Order under 28 U.S.C. § 636(b)(1)(A), rather than Report and Recommendation under 28 U.S.C. § 636(b)(1)(B). *See Bell-Flowers v. Progressive Ins. Co.*, 2005 WL 3434818, at * 1, 2 n. 1 (W.D.Tenn. Dec.13, 2005) ("The majority of courts to consider the issue have concluded that when a party brings a motion for discovery sanctions, the sanction chosen by the magistrate judge, rather than the sanction sought by the moving party, governs the magistrate judge's authority over the motion." (citing cases)); *Coleman v. Canton Township*, 2010 WL 3906015, *1 (E.D.Mich.2010) ("a party's characterization of a motion as being 'dispositive' or 'nondispositive' does not make it so"); *Beattie v. CenturyTel, Inc.*, 2009 WL 5066676, *1 (E.D.Mich.2009).